SOLOMON W. STEVENSON *vs.* GEORGE W. WHITE, JR.

If a debtor who owns materials and stock, designed and procured by him, and necessary for carrying on his trade or business, and intended to be used therein, which exceed one hundred dollars in value, and no part of which has been set apart for that purpose, changes his original design, and conveys the same, the conveyance, if made and received with intent to defraud creditors, will give no title as against an attaching creditor of the debtor

TORT against a deputy sheriff for the conversion of certain iron bars, by attaching the same on a writ against Robert Stevenson.

At the trial in the superior court, before *Ames,* J., it appeared that Robert Stevenson, who was a blacksmith, had purchased the iron to be used and wrought in carrying on his business; that its value was about $125; and that he afterwards executed a bill of sale thereof to the plaintiff. The defendant offered

---

evidence to show that this bill of sale was made and received without consideration, and with intent to delay, hinder and defraud the creditors of Robert. The plaintiff contended that the whole or a part of the iron was exempt from attachment, and that the bill of sale was valid. The judge ruled that if the plaintiff took the bill of sale without consideration, and with the intent alleged, he could not recover; and a verdict was returned for the defendant. The plaintiff alleged exceptions.

*A. L. Cushing,* for the plaintiff.

*W. Colburn,* for the defendant.

CHAPMAN, J. The sale of the iron by Robert Stevenson to the plaintiff, having been without consideration and with intent to defraud a creditor, and the plaintiff having participated in the fraud, he cannot maintain this action, unless it be on the ground that Robert held it exempt from attachment by creditors. By Gen. Sts. *c.* 133, § 32, materials and stock designed and procured by a debtor, and necessary for carrying on his trade and business, and intended to be used or wrought therein, not exceeding $100 in value, are exempt from attachment. It appears that Robert was a blacksmith, and that he purchased iron worth about $125, to be used and wrought in carrying on his business. But he did not separate from the rest the part which he intended thus to hold as exempt. In the case of provisions owned by a debtor, it has been decided that if those intended for the use of the family have not been separated from a stock in trade purchased by the debtor, they are not exempt. *Nash* v. *Farrington,* 4 Allen, 157. While the iron was in this condition, Robert changed the intention with which he purchased it, and determined to sell it to the plaintiff fraudulently. This change of intention took away one of the requisites for its exemption, and it was delivered to the plaintiff while it was not exempt. He cannot therefore hold it, not being a *bona fide* purchaser.          *Exceptions overruled.*